## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **MICHELLE STANLEY,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| -versus- | ) | **3:20-cv-7-CAR** |
| | ) | |
| **SCOT G. FORTE & A SURGEON'S** | ) | |
| **FIRST ASSISTANCE, LLC,** | ) | |
| **DEFENDANTS.** | . | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**COME NOW** the defendants, Scot G. Forte and A Surgeon's First Assistance, LLC, who reply as follows:

## I. THE PLAINTIFF ADMITTED ALL STATEMENTS OF MATERIAL FACT SUPPORTING DEFENDANTS' MOTION

In response to the defendants' Motion for Summary Judgment, the plaintiff admitted all enumerated Statements of Material Fact. The statements of fact offered in support of the defendants' motion show the disparity between allegations in the plaintiff's complaint, the plaintiff's response to the defendants' discovery requests and the contradictory testimony adduced at the parties' depositions. The Plaintiff's recently filed response to the motion for summary judgment contains numerous citations to exhibits and filings of record in this action; but the conclusions the plaintiff draws from the documents are unsound and

the cited evidence actually supports the defendants' right to summary judgment. After sifting through the plaintiff's response, the following facts remain undisputed: a.) Scot G. Forte is the "creditor" with regard to the underlying debt in this action (See Amended Complaint at paragraph 76 and Plaintiff's Exhibit C & Defendants' SOF paragraphs 24 & 30); b.) Scot G. Forte did not "collect his own debt" or use any other name in communications with the plaintiff (See Amended Complaint at paragraph 76, Plaintiff's Response Exhibits 1-11, Def. SOF at paragraphs 20-23, 27, 33; c.) Scot G. Forte has not initiated any communication with the plaintiff or had any communication with the plaintiff in this action(Def> SOF at paragraphs 27 & 33); d.) Scot G. Forte is a surgical assistant and his "principal purpose" is not debt collection (Def. SOF at paragraphs 20-24); Scot G. Forte is not regularly engaged, or engaged at all, in the collection of debts owed to another(Def. SOF at paragraphs 21-24, 27 & 33); "A Surgeon's First Assistance, LLC" is a domestic limited liability company through which Forte conducts his business as a surgical assistant (See def. SOF at paragraphs 20-21).

## II.     THE UNDISPUTED EVIDENCE EXISTING IN FAVOR OF SUMMARY JUDGMENT

The plaintiff's Complaint and her response to the defendants' Motion for Summary Judgment present muddled and self-contradicting theories of recovery against the defendants. Without attempting to untangle each and every thread of the plaintiff's confusing and circular arguments, the defendants' reply seeks to

highlight the undisputed evidence that entitles the defendants to summary judgment.

### A. Allegations of Liability Under the FDCPA

Pursuant to 15 USC 1692a(6), the defendants may incur liability under the FDCPA if they meet the Act's definition of a "debt collector." An exception to this requirement exists where a "*creditor, who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*" The plaintiff is alleging that Forte is a "creditor" collecting his own debt under various aliases; while also alleging that Forte is a "debt collector" who is regularly engaged in debt collection activities and whose principal purpose is debt collection.

### A. Forte is a Surgical Assistant Who is Owed Payment for Surgical Services provided to Plaintiff's Daughter

The undisputed evidence in this case is that Scot G. Forte is a surgical assistant who has been in practice for over 25 years. Scot G. Forte conducts business in the name of a domestic limited liability company named "A Surgeon's First Assistance, LLC." The plaintiff's Complaint supports this fact at paragraph 76 of her Amended Complaint, by stating that "*Defendant SCOT G. FORTE is the creditor for the Alleged Debt*."

**B. Evidence Shows That Forte Was Not Collecting His Own Debt**

While the specific allegations are not entirely clear, one theory of recovery proposed by the plaintiff is that Scot G. Forte is directly liable under the FDCPA as a "*creditor, who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*" But all of the evidence in this case, as well as the allegations in the plaintiff's Amended Complaint, show that Scot G. Forte had no communications with the plaintiff and was not "*collecting his own debts.*"

**C. The Co-Defendants Dismissed from this Action Were Hired to Collect the Debt Owed to Scot Forte, Who Conducts Business As "A Surgeon's First Assistance, LLC"**

The names attributed to Scot Forte in the plaintiff's response are not aliases or uninvolved parties whose names were used as subterfuge or deception. The names of other parties allegedly used by Scot Forte are actual individuals or business entities. As alleged in the Amended Complaint and shown by the parties' deposition testimony, those parties were actively performing collection efforts as part of their regular day to day business operations. The plaintiff's attorneys are fully aware that the individuals and entities acted independently from Forte as the plaintiff named them as co-defendants and alleged that they were engaged in debt collection efforts.

The Complaint is not captioned to show the names of these co-defendants as aliases of Scot Forte. The Complaint alleges that the co-defendants are 'debt collectors" under the FDCPA. The allegations in the Complaint, as well as the evidence adduced at the parties' deposition, show that these parties were actively communicating with the plaintiff and attempting to collect the debt at issue in this action. The evidence also shows that Scot Forte initiated no verbal or written communication with the plaintiff and did not file or dismiss the Walton County lawsuits referenced in the Complaint. The only evidence connecting Forte and A Surgeon's First Assistance, LLC to the other named co-defendants is that they were hired by Forte for billing and collection services.

### D. Creditor Exception Under 15 USC 1892a(6) Describes Direct Liability of Creditors Who Are Collecting Their Own Debts

The exception under 15 USC 1692a(6) creates direct liability for a creditor that is actively attempting to collect his own debt, but is deceptively using other names as a subterfuge or fictitious "alter ego" of the creditor. Forte did not use any name in the process of collecting his own debt, as he was not collecting his own debt. Forte had no communication with the plaintiff, whatsoever. The evidence shows only that Forte hired F5 Surgical, LLC to perform insurance billing services and collection; and then later placed the debt with Marcie Tanner for collection.

### E. F5 Surgical, LLC was Hired to Perform Insurance Billing & Collection Services

As Forte testified in his deposition, "*F5 Surgical is a surgical billing company that I've been using for approximately ten years now.*" As stated in the plaintiff's Amended Complaint, at paragraph 7, "*Defendant F5 Surgical LLC is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).*" F5 Surgical, LLC is separate and distinct from the defendants, as shown by paragraph 8 of the Amended Complaint, stating, "*Summons and Complaint may be served on Defendant F5 Surgical LLC by service on its registered agent for service of process in Georgia, David Hayes at 5425 Peachtree Pkwy, Norcross, GA, 30022, USA, or wherever they may be found.*"

### F. Outsourcing Collections Does Not Equate to "Collecting Your Own Debt"

The plaintiff's argument appears to be that by hiring a debt collector, Forte was "collecting his own debt." This construction greatly exceeds the scope of the "creditor" exception granted at 15 USC 1692a(6). Under the plaintiff's construction of 15 USC 1692a(6), all creditors who outsource collections to third party agencies would be secondarily liable for the actions of those agents under the FDCPA. Adopting this construction renders the distinction between "creditors"

and "debt collectors" meaningless; and makes all creditors who outsource collections to third parties liable under the FDCPA.

### G. Communications in Lawsuits Are Attributable to Marcie Tanner

The plaintiff also argues that Forte, while collecting his own debts, used the names "Scot Forte d/b/a A Surgeon's First Assistance, LLC" and the recognizable misnomer "A Surgeon's First Assistant" in court filings. As shown by Forte's testimony and the court pleadings, which are referenced as exhibits to the complaint and the response filed by the plaintiff, the lawsuits were filed and dismissed by Marcie Tanner. The 01/24/2020 Walton County Magistrate Court Lawsuit, which names "A Surgeon's First Assistant" as the plaintiff, bears the signature of "Marcie Tanner." The second lawsuit, which was filed electronically and has no actual signature, was dismissed by "Marcie Tanner."

### H. Plaintiff's Outstanding Debt Remains Subject to Collection

Further, contrary to the statements in the plaintiff's response, the claim to recover the debt from the plaintiff has not been adjudicated on the merits. The first Walton County Magistrate Court action was involuntarily dismissed by the court and is not counted under OCGA § 9-11-41 as a first "voluntary dismissal." The evidence in this case shows consistently and unequivocally that Forte had no communication with the plaintiff and made no independent effort to collect his own debt.

7

### III.    Forte & A Surgeon's First Assistance, LLC Are Not "Debt Collectors" Under the FDCPA

The plaintiff also contends that the defendants are "debt collectors." The defendants point out that the plaintiffs have produced no evidence that the defendants' "*principal purpose is the collection of any debts;*" or that they "*regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*" The only debt appearing from the evidence is the debt incurred by the plaintiff. It is undisputed that this debt arose from services performed by Scot Forte as a surgical assistant. The plaintiff's underlying debt originated with Scot Forte, as admitted by the allegations at paragraph 76 of the Amended Complaint, and language contained in Exhibit C to the plaintiff's response.

The plaintiff's reliance on Exhibit C to show that the underlying debt originated with F5 Surgical, LLC is disingenuous and contradicted by the language in the Exhibit. The content of Exhibit C is purported to be an assignment between Forte and F5 Surgical, LLC. While the plaintiff has produced no other evidence concerning the reason or purpose for the assignment, the language used suggests the existence of a prior "recourse assignment" or "conditional assignment" of collection rights from Forte to F5 Surgical, LLC. While Exhibit C fails to identify the nature, extent or origin of the rights assigned by F5 Surgical, LLC, the document unequivocally announces that the debt originated from services

8

performed by Scot Forte, and reads, "*Mr. Forte is the rendering surgical assistant and provider for these healthcare services and has every right for full payment*."

The plaintiff's contention that the underlying debt originated with F5 Surgical, LLC also represents a shift away from the allegations in the Amended Complaint, which allege that "*Defendants F5 Surgical LLC and F5 Surgical of Georgia LLC hold themselves out to the public as companies that frequently collect or attempt to collect medical debts on behalf of their clients*."

As shown by the evidence of record, the only business conducted by Scot Forte involves his practice as a surgical assistant. He performs that business under a single member limited liability company called A Surgeon's First Assistance, LLC. There is no evidence that the defendants' "principal purpose" is debt collection. There is no evidence that the defendants "regularly collect or attempt to collect" the debts of "another."

**CONCLUSION**:

Whatever confusion or misunderstanding may have occurred in the mind of the plaintiff, there is no evidence that it was due to actions or communications attributable to the remaining defendants. All verbal and written communications with the plaintiff were indisputably initiated by the co-defendants; all of whom were previously dismissed from this action. Scot G. Forte is a creditor who hired others to collect the plaintiff's debt and was not collecting his own debt. Scot G.

Forte is a surgical assistant who is not engaged in the practice of debt collection, as defined under the FDCPA, at 15 USC 1692a(6). Scot G. Forte operates his practice under the business entity, "A Surgeon's First Assistance, LLC." F5 Surgical, LLC, who was hired approximately ten (10) years ago to handle Forte's insurance billings, filed a claim for payment with the plaintiff's insurer. The plaintiff cashed the check from her insurer that was intended as payment for Forte's services. When F5 Surgical, LLC was unsuccessful in its collection efforts, the account was placed with Marcie Tanner, who does business as Collection Interventions, LLC. Subsequently, in what appears to be the unauthorized practice of law, Tanner drafted, filed, made court appearances and dismissed the lawsuits in Walton County Magistrate Court. There is no evidence that the remaining defendants' made or initiated any representations or communications to the plaintiff as part of an attempt to collect a debt.

**WHEREFORE**, the defendants request that summary judgment be granted. This 2nd day of December, 2020.

Respectfully submitted,
*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Defendant
State Bar No.: 110382

**CARLISLE LAW FIRM**
P.O. Box A
Winder, GA 30680
Tel: 770-295-0175
wrclaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

**MICHELLE STANLEY,**                )
    **PLAINTIFF,**                )
                                )
                                )     **CIVIL ACTION FILE NO.:**
**-versus-**                )     **3:20-cv-7-CAR**
                                )

**SCOT G. FORTE & A SURGEON'S**                )
**FIRST ASSISTANCE, LLC,**                )
    **DEFENDANTS.**

## CERTIFICATE OF SERVICE

**COME NOW** the above-named Defendants, by and through their undersigned attorney, who hereby certifies that he has this day served the Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment to the Plaintiff's attorneys, Clifford Carlson**,** at cc@cliffcarlsonlaw.com, Brandon Honsalek at brandon@honsalek.com, Ron Daniels at ron@dlawllc.com & John Nelson at info@nelsonchambers.com, through this court's e-filing and e-service system and by email.

12/02/2020.

12

Respectfully submitted,

*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Defendant
State Bar No.: 110382

**CARLISLE LAW FIRM**
P.O. Box A
Winder, GA 30680
Tel: 770-295-0175
wrclaw@gmail.com