# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| **MICHELLE STANLEY,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action** |
| | : | **No. 3:20-cv-7 (CAR)** |
| **v.** | : | |
| | : | |
| **SCOT FORTE, and A SURGEON'S FIRST** | : | |
| **ASSISTANCE, LLC,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Michelle Stanley filed this action asserting Defendants Scot Forte and A Surgeon's First Assistance, LLC ("Surgeon's First") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in their attempts to collect a debt from Plaintiff. Before the Court is Defendants' Motion for Summary Judgment. Having considered the Motion, pleadings, and applicable law, the Court finds Scot Forte and Surgeon's First are not debt collectors under the FDCPA and **GRANTS** Defendants' Motion [Doc. 23].

## BACKGROUND

Scot G. Forte is a surgical assistant who provides surgical assistance services to doctors in the Atlanta area.[1] Forte provides these services through the company he founded, Co-defendant A Surgeon's First Assistance, LLC.[2] Surgeon's First has a contract with F5 Surgical, LLC ("F5 Surgical") for billing and collection services and a contract with Collection Intervention, LLC ("Collection Intervention") for collection services.[3]

On January 31, 2019, Forte performed medical services for Plaintiff's daughter.[4] After the surgery, Plaintiff submitted a claim to her insurance company for Forte's services. Plaintiff's insurance company processed the claim and mailed her a check for $4,546.00.[5] Plaintiff deposited this money in her account, made a partial payment of $1,100.00 toward her bill to F5 Surgical, and kept the remainder of the money.[6] In August 2019, F5 Surgical sent Plaintiff a bill for the outstanding balance of $3,446.00.[7] Soon after, Plaintiff spoke with an F5 Surgical agent over the phone and agreed to make $35.00 monthly payments toward the $3,446.00 bill.[8]

---

[1] Forte Deposition, p. 5 [Doc. 40-3].
[2] *Id.*
[3] Billing and Collection Services Contract between F5 Surgical, LLC and A Surgeon's First Assistance, LLC [Doc. 41-13]; Collection Intervention Contract [Doc 41-11].
[4] Stanley Deposition, pg. 8, 13 [Doc. 40-4].
[5] Insurance Claim Status Detail [Doc. 41-3].
[6] Stanley Deposition, pg. 11-13, 23 [Doc. 40-4].
[7] F5 Surgical, LLC Collection Letter [Doc 41-4].
[8] Stanley Deposition, p. 23 [Doc. 40-4]; Amended Complaint, p. 13 [Doc. 19].

On September 4, 2019, F5 Surgical assigned ownership of Plaintiff's account to Forte, and Forte turned Plaintiff's account over to Collection Intervention, a collections agency operated by Marcie Tanner.[9] A week later, Tanner filed a lawsuit against Plaintiff in the Magistrate Court of Walton County for theft by conversion.[10] Tanner named "A Surgeon's First Assistant, LLC" as the Plaintiff in that action instead of "A Surgeon's First Assistance, LLC."[11] The suit sought a judgment of $4,546.00 and did not acknowledge that Plaintiff had paid $1,100.00 toward the bill or that Plaintiff and F5 Surgical had agreed to a payment plan for the remainder of the debt.[12]

The magistrate court dismissed this first lawsuit for "wrong party listed."[13] On January 14, 2020, Tanner filed a second lawsuit against Plaintiff, wherein she amended the judgment request to reflect Plaintiff's $1,100.00 payment, but she still named the plaintiff as "Scot Forte d/b/a A Surgeon's First Assistant, LLC" instead of "Scot Forte d/b/a A Surgeon's First Assistance, LLC."[14] A month later the second suit was voluntarily dismissed for "wrong party listed for plaintiff."[15]

---

[9] F5 Surgical, LLC Assignment to Scot Forte [Doc. 41-5]; Dep. of Scot Forte, p. 6 [Doc. 40-3]; Collection Intervention Contract [Doc. 41-11]; Collection Intervention LLC Bill for Services to A Surgeon's First Assistance LLC [Doc. 41-12].
[10] First Walton County Collection Lawsuit [Doc. 41-6].
[11] *Id.*
[12] *Id.*
[13] First Walton County Lawsuit Dismissal [Doc. 41-7].
[14] Second Walton County Collection Lawsuit [Doc. 41-8].
[15] Second Walton County Lawsuit Dismissal.

On January 24, 2020, Plaintiff filed the current action against Scot Forte, Surgeon's First, F5 Surgical, Marcie Tanner, and several other defendants for violations of the FDCPA.[16] Plaintiff voluntarily dismissed all claims except those against Forte and Surgeon's First.[17] Plaintiff claims Forte and Surgeon's First violated § 1692(e) of the FDCPA by (1) misrepresenting the amount of the alleged debt in the first lawsuit; (2) suing Defendant for theft by conversion; (3) failing to disclose that Defendants were debt collectors attempting to collect a debt; (4) incorrectly listing "Surgeon's First Assistant" as the Plaintiff in the first lawsuit; and (5) using deceptive means in filing a lawsuit when there was a payment plan in place.[18] Finally, Plaintiff claims Defendants violated § 1692(f) by using unfair means to collect the alleged debt.[19] Plaintiff seeks statutory damages and actual damages for "humiliation, anger, anxiety, emotional distress, mental anguish, fear, frustration, embarrassment, and other damages."[20] Defendants now move for summary judgment.

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[16] Complaint [Doc 1]; Amended Complaint [Doc. 19].
[17] Stipulation of Dismissal as to F5 Surgical, David Hayes [Doc. 31]; Notice of Voluntary Dismissal as to F5 Surgical – Scot Forte, LLC, F5 Surgical of Georgia, LLC, Marcie Tanner.
[18] Amended Complaint [Doc. 19], pg. 18-20.
[19] *Id.*at p. 21.
[20] *Id.* at p. 22.

law."[21] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitles it to a judgment as a matter of law.[22]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[23]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[24] "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[25] In cases where opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."[26] A disputed fact will preclude summary judgment

---

[21] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[22] *Catrett*, 477 U.S. at 323 (internal quotation marks omitted).

[23] *See* Fed. R. Civ. P. 56(e); *see also Catrett*, 477 U.S. at 324-26.

[24] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

[25] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).

[26] *Pourmoghani-Esfahani v. Gee*, 625 F.2d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

only "if the dispute might affect the outcome of the suit under the governing law."[27]

"The court may not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists."[28]

## ANALYSIS

Defendants argue they are entitled to summary judgment because they are not debt collectors under the FDCPA.[29] The Court agrees.

To prevail on an FDCPA claim, a plaintiff must establish that "the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act[.]"[30] Under the FDCPA, a "debt collector" is one who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[31]

---

[27] *Id*. (internal quotation marks omitted).

[28] *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[29] Forte argues that even if he is a debt collector, he had no communications with Defendant and thus could not have violated the FDCPA. The Court need not address this argument because it finds Scot and Surgeon's First Assistance are not debt collectors under the FDCPA.

[30] *Brown v. Credit Mgmt., LP*, 131 F. Supp.3d 1332, 1338 (N.D.Ga. 2015); *see also Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).

[31] 15 USCA § 1692a(6).

**I. Surgeon's First**

No evidence shows that Surgeon's First is a debt collector.[32] Surgeons First is the company Forte uses to provide his medical services.[33] Its principal purpose is not debt collection. Moreover, no evidence shows that Surgeon's First regularly collects or attempts to collect debts owed to Forte or any others. On the contrary, the record shows Forte uses F5 Surgical for billing and Marcie Tanner at Collection Intervention for collections.[34]

Plaintiff argues Surgeon's First qualifies as a debt collector because, as the named Plaintiff in the Walton County lawsuits, Surgeon's First attempted to collect the debt Plaintiff owed to Forte. But even assuming Surgeon's First was not collecting its own debt, two instances of attempting to collect Forte's debt do not qualify Surgeon's First as one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[35] Thus, Surgeon's First is not a debt collector under the FDCPA.

_____

[32] Indeed, Plaintiff admitted in her deposition that she is aware of no evidence to support her contention that Surgeon's First is a debt collector. Stanley Deposition, p. 21 [Doc. 40-4].

[33] Forte Deposition, p. 5 [Doc. 40-3] (Forte stated that he "provide[s] surgical assistance services to doctors in the Atlanta area" "underneath [Surgeon's First Assistance]").

[34] Forte Deposition, pg. 6-9 [Doc. 40-3]; Billing and Collection Services Contract between F5 Surgical, LLC and A Surgeon's First Assistance, LLC [Doc. 41-13]; Collection Intervention Contract [Doc. 41-11].

[35] 15 USCA § 1692a(6); *Von Schmidt v. Kratter*, 9 F. Supp. 2d 100 (D. Conn. 1997) (law firm's debt–collection cases, which represented only 6% of overall cases and generated only $807.79 against

## II. Scot Forte

Forte is a creditor under the FDCPA, not a debt collector.[36] A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed."[37] The record shows that Plaintiff owed a debt to Forte for the medical services he provided for Plaintiff's daughter.[38] Nothing in the record shows that Forte's principal purpose is debt collection or that he regularly collects debts owed to others. "As a general rule, creditors are not considered debt collectors and therefore cannot violate § 1692e of the FDCPA."[39]

Plaintiff, however, points to the false name exception under the FDCPA. "[T]he false name exception applies when a creditor uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else or uses a pseudonym or alias."[40] Plaintiff argues Forte used Surgeon's First to collect Forte's debt in the first

---

gross receipts of $493,925.29, did qualify as regular debt collection under 15 U.S.C.A. § 1692a(6)).

[36] Amended Complaint, p. 12 ("Scot Forte is the creditor for the alleged debt.").

[37] 15 U.S.C. § 1692a.

[38] Stanley Deposition, p. 14 [Doc. 40-4] ("But he was owed money and I started paying him the money that he was owed and I made payment arrangements with someone in his office for the money that he was owed.").

[39] *Johnson v. Hamilton Point Prop. Mgmt., LLC*, No. 117CV00349LMMCMS, 2017 WL 8186857, at *6 (N.D. Ga. Nov. 8, 2017), report and recommendation adopted, No. 1:17-CV-00349-LMM, 2018 WL 1246984 (N.D. Ga. Feb. 15, 2018).

[40] *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1295 (N.D. Ala. 2013) (citations omitted).

Walton County lawsuit, and therefore Forte qualifies as a debt collector under the false name exception. The Court disagrees.[41]

The false name exception exists to prevent deceit as to who is collecting a debt.[42] The Eleventh Circuit applies the "least sophisticated consumer" test to determine if there has been a misrepresentation.[43] There must be "some active involvement in the misrepresentation by the creditor before triggering liability under the false name exception."[44]

No evidence shows Forte was actively involved in filing the first Walton County lawsuit to collect Plaintiff's debt. Forte hired Tanner to collect the debt, and she filed suit naming Surgeon's First as the plaintiff.[45] Moreover, there is no evidence of any deceit or misrepresentation. Tanner named Surgeon's First as the plaintiff in that suit because Surgeon's First is the company Forte uses to provide medical services, and Plaintiff owed

---

[41] The Court also rejects Plaintiff's argument that the use of "Surgeon's First Assistant, LCC" rather than "Surgeon's First Assistance, LLC," in the Walton County lawsuits makes Forte and Surgeon's First debt collectors under the false name exception because even the least sophisticated consumer would not have believed "Surgeon's First Assistant, LLC" was an unrelated third-party debt collector. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 (11th Cir. 2019) (holding least sophisticated consumer would not have believed "Chase Home Finance" was unrelated third-party debt collector distinct from "JPMorgan Chase.").

[42] *Johnson*, 2017 WL 8186857 at *6.

[43] *Pinson*, 942 F.3d at 1209.

[44] *Vincent v. The Money Store*, 736 F.3d 88, 99 (2d Cir. 2013).

[45] Dep. of Scot Forte, p. 6 [Doc. 40-3]; Collection Intervention Contract [Doc. 41-11]; Collection Intervention LLC Bill for Services to A Surgeon's First Assistance LLC [Doc. 41-12].

Forte a debt for such services.[46] Thus, Forte is not a debt collector pursuant to the false name exception.

### CONCLUSION

As explained above, Defendants are not debt collectors under the FDCPA, and their Motion for Summary Judgment [Doc. 23] is **GRANTED**.

It is **SO ORDERED** this 31st day of August, 2021.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[46] Forte Deposition, p. 5 [Doc. 40-3]; Stanley Deposition, pg. 40-41 [Doc. 40-4].

10