**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

MICHELE STANLEY, an individual,    )
    )
    Plaintiff,    )
    )
    )  **Case No.: 3:20-cv-00007-CAR**
    v.    )
    )  **PLAINTIFF'S RESPONSE TO**
A SURGEON'S FIRST ASSISTANCE,    )  **DEFENDANT'S MOTION FOR**
LLC and SCOT G. FORTE, an individual,    )  **ATTORNEY'S FEES**
    )
    Defendants.    )
    )
    )
    )
    )
    )

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES</u>

Plaintiff Michele Stanley responds in opposition to Defendant's motion for attorneys' fees and states as follows:

## PRELIMINARY STATEMENT

Ms. Stanley was billed by F5 Surgical for a debt. Ms. Stanley set up a payment plan and paid $1,100 on that debt to F5 Surgical. Then Surgeon's First sued Ms. Stanley over the same debt without credit for her payment. That lawsuit was dropped, only for Ms. Stanley to be sued a second time by Scot Forte DBA Surgeon's First. Not knowing whom she owed, or who owned the debt, Ms. Stanley sued those involved for violations of the FDCPA.

Was Ms. Stanley's lawsuit brought in bad faith? Was her lawsuit brought to harass the defendants? Or was her lawsuit an effort to protect herself, her rights, and to figure out what was going on?

1

## DEFENDANTS' LEGAL BURDEN

Defendants move this Court for sanctions and fees against Ms. Stanley and her attorneys pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3), and 28 U.S.C. § 1927. The FDCPA only allows attorneys' fees to be awarded to a defendant if a court finds that the action was brought by a consumer **both** in bad faith **and** for the purpose of harassment.[1] The Eleventh Circuit acknowledges that 28 U.S.C. § 1927 recognizes three essential requirements for an award of sanctions under § 1927:[2]

(1)     "First, the attorney must engage in 'unreasonable and vexatious' conduct."[3]

(2)     "Second, that 'unreasonable and vexatious' conduct must be conduct that 'multiplies the proceedings.'"[4]

(3)     "[Third and] [f]inally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"[5]

Accordingly, Defendants have the burden of showing that Ms. Stanley not only brought her lawsuit against the Defendants in bad faith, but that Ms. Stanley's purpose was to harass Defendants to recover fees under the FDCPA. Notably, this has to be

---

[1] 15 U.S.C. § 1692k(a)(3). *See, e.g., See Sorensen v. Credit Int'l Corp.*, 475 Fed. Appx. 244 (9th Cir. 2012) (reversing lower court award of attorney fees without finding that the litigation was brought in bad faith and for the purpose of harassment); *Smith v. Solomon and Solomon, P.C.*, 887 F. Supp. 2d 334 (D. Mass. 2012), aff'd, 714 F.3d 73 (1st Cir. 2013).
[2] *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (*quoting Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir.1997)).
[3] *Id.*
[4] *Id.*
[5] *Id.*

shown as to Ms. Stanley, not as to her attorneys.  Conversely, Defendants must show that the conduct of Ms. Stanley's attorneys is so egregious that it is "tantamount to bad faith."[6]  Further, Defendants must show that, if Ms. Stanley's attorneys acted in bad faith, that the requested sanctions—or fees in this case—"bear a financial nexus to the excess proceedings" and do not "exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"[7]

For the reasons detailed below—namely that Ms. Stanley's lawsuit was not brought in bad faith—Defendants are unable to meet this burden, and their motion for sanctions and fees should be denied.

## ARGUMENT AND ANALYSIS

I.   **Ms. Stanley's lawsuit was not brought in bad faith.  Neither she nor her attorneys engaged in unreasonable and vexatious conduct.  Neither she nor her attorneys multiplied proceedings through their conduct.  In contrast, Defendants' conduct *did* multiply proceedings, or otherwise sought to do so.**

A.   Bad faith is a required element for sanctions and fees under both the FDCPA, 15 U.S.C. § 1692k(a)(3), and 28 U.S.C. § 1927.

The FDCPA requires ***both*** bad faith ***and*** a purpose of harassment before a court may award attorneys' fees to a prevailing defendant.[8]  This comports with the legislative history of the FDCPA where an initial version of the bill only required a finding of either bad faith or harassment, but the final version requires a finding of both bad faith and

---

[6] *Id.* (*citing Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991)).

[7] *Id.* (*quoting Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir.1997)).

[8] 15 U.S.C. § 1692k(a)(3).  *See, e.g., See Sorensen v. Credit Int'l Corp.*, 475 Fed. Appx. 244 (9th Cir. 2012) (reversing lower court award of attorney fees without finding that the litigation was brought in bad faith and for the purpose of harassment); *Smith v. Solomon and Solomon, P.C.*, 887 F. Supp. 2d 334 (D. Mass. 2012), aff'd, 714 F.3d 73 (1st Cir. 2013).

harassment.[9]  Moreover, it is the consumer's bad faith conduct, and her purpose to harass, which must be evaluated—not their attorney's—as these sanctions would be against the consumer, not her attorney.

Two of the three essential requirements for sanctions under 28 U.S.C. § 1927 are that (1) "the attorney must engage in 'unreasonable and vexatious' conduct" and (2) that the "'unreasonable and vexatious' conduct must be conduct that 'multiplies the proceedings.'"[10]  The Eleventh Circuit has "consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute *only when* the attorney's conduct is so egregious that it is 'tantamount to bad faith.'"[11]  Notably, the Eleventh Circuit stated in *Schwartz v. Millon Air, Inc.*,[12] that:

> Section 1927 is not a 'catch-all' provision for sanctioning objectionable conduct by counsel. . . . For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. The statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.
>
> "Bad faith" is the touchstone. Section 1927 is not about mere negligence. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.[13]

Thus, as the Eleventh Circuit in *Amlong & Amlong, P.A.*, states, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions."[14]  Most other

---

[9] S. 1130, 95th Cong., 1st Sess. § 805(c) (1977).

[10] *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (*quoting Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir.1997))

[11] *Id.* (*citing Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991)).

[12] 341 F.3d 1220, 1225 (11th Cir. 2003).

[13] *Id.*; *see also Amlong & Amlong, P.A.*, 500 F.3d at 1242 (*citing Schwartz*, 341 F.3d at 1225.

[14] *Amlong & Amlong, P.A.*, 500 F.3d at 1242.

circuits and courts have recognized that to show bad faith, a defendant must establish that there was no legal or factual basis for any of a consumer's claims.[15]

The Northern District of Georgia has recognized that "[t]he standard for bad faith is higher than the standard for mere frivolousness."[16]  Moreover, it is Defendants who have the burden or proving Ms. Stanley's subjective bad fair and her harassing purpose in

---

[15] *See Horkey v. J.V.D.B. & Assoc., Inc.*, 333 F.3d 769 (7th Cir. 2003); *Abby v. Paige*, 2013 WL 12246348 (S.D. Fla. Aug. 2, 2013), report and recommendation adopted by 2013 WL 12246349 (S.D. Fla. Oct. 1, 2013) (Plaintiff prevailed on one of her FDCPA claims; the fact that Plaintiff recovered less than the amount defendant offered under Rule 68 did not establish that Plaintiff litigated the claim in bad faith and for the purpose of harassment); *Tucker v. CBE Grp., Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010); *Andre v. CCB Credit Serv., Inc.*, 2010 WL 3222500 (S.D. Fla. July 21, 2010), adopted by 2010 WL 3222501 (S.D. Fla. Aug. 13, 2010); *Acosta v. Campbell*, 2009 WL 4639704 (M.D. Fla. Dec. 4, 2009) (colorable claim made); *Mellon v. Monarch Recovery Mgmt., Inc.*, 2017 WL 4776738 (E.D.N.Y. Oct. 17, 2017) (although court was "troubled" by counsel's filing of three duplicative, putative class action cases for different consumers involving a debt collector's form letter for the same bank on various credit card accounts, such conduct did not rise to the level of bad faith); *Fields v. Credit Mgmt. Sys.*, 2016 WL 9088755 (C.D. Cal. Apr. 20, 2016); *Philhower v. Express Recovery Serv. Inc.*, 2014 WL 1648742 (D. Utah Apr. 23, 2014); *Chavez v. Northland Grp.*, 2011 WL 317482 (D. Ariz. Feb. 1, 2011); *Allers-Petrus v. Columbia Recovery Grp., L.L.C.*, 2009 WL 1160061 (W.D. Wash. Apr. 29, 2009) (denying debt collector's motion for attorney fees and costs pursuant to § 1692k(a)(3)); *Sorey v. Computer Credit, Inc.*, 2006 WL 1896401 (S.D.N.Y. July 7, 2006) (action was "not objectively baseless"); *Kaiser v. Braje & Nelson, L.L.P.*, 2006 WL 1285143 (N.D. Ind. May 5, 2006) (consumer had colorable claim); *Guidry v. Clare*, 442 F. Supp. 2d 282 (E.D. Va. 2006) ("the standard for sanctions liability under the FDCPA essentially mirrors Rule 11's 'improper purpose' analysis"; where five of seven of plaintiff's claims were "frivolous," "baseless," without "even a scintilla of evidence," and thus unsupported in fact or law, court awarded debt collector sanctions under its inherent powers, Rule 11 and § 1692k(a)(3), finding harassment by the plaintiff); *Dean v. Gillette*, 2005 WL 2810539 (D. Kan. Oct. 27, 2005); *Shah v. Collecto, Inc.*, 2005 WL 2216242 (D. Md. Sept. 12, 2005) (suit must be completely without merit); *Oliphant v. Simboski*, 2005 WL 927169 (D. Conn. Apr. 19, 2005); *In re Faulkner*, 1998 WL 34342248 (Bankr. E.D. Va. May 12, 1998).

[16] *Sanchez v. United Collection Bureau, Inc.*, 649 F. Supp. 2d 1374 (N.D. Ga. 2009) (*citing Hinds v. Credigy Receivables, Inc.*, No. 6:07-CV-1081-Orl-28GJK, 2008 WL 5381345, at *6 (M.D.Fla. Dec. 23, 2008) (noting that in assessing bad faith, the court "focuses primarily on Plaintiff's conduct and motives, and not on the validity of th[e] case").

bringing the litigation to prevail under 15 U.S.C. § 1692k(a)(3),[17] and to show Ms. Stanley's bad faith actions in litigation to prevail under 28 U.S.C. § 1927.   For the reasons detailed below, Defendants are unable to show that Ms. Stanley or her attorneys engaged in bad faith through this litigation.

B. <u>Ms. Stanley brought her lawsuit in good faith.  Neither Ms. Stanley nor her attorneys sought to multiply the proceedings, and even worked to minimize the proceedings by settling with multiple defendants.</u>

Ms. Stanley was billed by F5 Surgical.[18]  She set up a payment plan with F5 Surgical and paid $1,100.00.  She was then sued by a different company—A Surgeon's

---

[17] *Sanchez v. United Collection Bureau, Inc.*, 649 F. Supp. 2d 1374 (N.D. Ga. 2009) (recognizing defendant failed to show evidence of bad faith); *Black v. Equinox Fin. Mgmt. Solutions*, 2007 U.S. Dist. LEXIS 16767 (N.D. Ga. Feb. 1, 2007) (discussing how defendant failed to prove a harassing purpose); Guerrero v. RJM Acquisitions, L.L.C., 499 F.3d 926 (9th Cir. 2007). *See Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996); *Mayhall v. Berman & Rabin, P.A.*, 13 F. Supp. 3d 978, 984 (E.D. Mo. 2014); *Thompson v. S & S Recovery, Inc.*, 2013 WL 5278022 (S.D. Miss. Sept. 18, 2013); *Branco v. Credit Collections Serv., Inc.*, 2012 WL 1143562 (E.D. Cal. Apr. 4, 2012); *Bank v. Cooper*, 2009 WL 1491227 (E.D.N.Y. May 27, 2009), *aff'd on other grounds*, 356 Fed. Appx. 509 (2d Cir. 2009); *Grant v. Barro*, 2007 WL 3244986 (M.D. La. Nov. 1, 2007); *Walthorn v. Law Offices of Timothy E. Baxter, P.C.*, 2006 U.S. Dist. LEXIS 54030 (W.D. Mich. Aug. 2, 2006); *Ricciardi v. Serv. Credit Union*, 2006 U.S. Dist. LEXIS 28468 (D.N.H. May 11, 2006); *Hooper v. Capital Credit & Collection Serv., Inc.*, 2005 WL 2297062 (D. Or. Sept. 20, 2005) (following a jury trial, which resulted in a $1570 actual damage award against collection agency and a defense verdict for agency's named employee, denying any additional statutory damages, awarded plaintiff $17,467 in attorney fees, and denying any fees to exonerated employee since claims against her were not "brought in bad faith and for the purpose of harassment"); *Phernetton v. First Revenue Assur.*, 2003 WL 21246037 (D. Minn. May 19, 2003); *Wilson v. Transworld Sys.*, Inc., 2003 WL 21488206 (M.D. Fla. June 10, 2003); *Degrosiellier v. Solomon & Solomon, P.C.*, 2001 WL 1217181 (N.D.N.Y. Sept. 27, 2001); *Csugi v. Monterey Fin. Serv., Inc.*, 2001 WL 1841444 (D. Conn. Oct. 30, 2001); *Countryman v. Solomon & Solomon*, 2000 U.S. Dist. LEXIS 1397 (N.D.N.Y. Feb. 7, 2000); *Filsinger v. Upton, Cohen & Slamowitz*, 2000 U.S. Dist. LEXIS 1824 (N.D.N.Y. Feb. 17, 2000); *Allied Collection Serv., Inc. v. Byrd*, 2007 WL 2340784 (Ky. Ct. App. Aug. 3, 2007); *Mendez v. Apple Bank for Sav.*, 143 Misc. 2d 915 (N.Y. Civ. Ct. 1989); *Conley v. KCA Fin. Serv., Inc.*, 931 P.2d 808 (Or. Ct. App. 1997).

[18] *See* F5 Surgical Bill [Docket # 41-4]; Insurance Claim Status [Docket # 41-3] (part of Ms. Stanley's response in opposition to summary judgment).

First Assistance LLC.[19]  That lawsuit sought to collect the whole debt despite Ms. Stanley having paid $1,100.00.  That lawsuit was dismissed,[20] only for a second lawsuit to be filed by "Scot Forte DBA A Surgeon's First Assistance LLC."[21]  Then that second lawsuit was dismissed,[22] resulting in an adjudication on the merits.[23]

During the whole collection process Ms. Stanley dealt with F5 Surgical, Marcie Tanner, and the remaining Defendants.  Not knowing who was whom, and who owned what, Ms. Stanley sued each of these parties, settled with most, and conducted discovery on the remaining two Defendants.  Ms. Stanley, through her efforts to settle with multiple defendants, actively minimized the proceedings in this case.  These are not actions taken in bad faith.  Ms. Stanley is not omniscient, and is not expected by the law to be omniscient, and therefore did not and could not know the roles of each individual or company in the collection process except through discovery.

This is often the purpose and role of discovery in litigation, and discovery reasonably played its role in this case.  In discovery, Ms. Stanley and her attorneys once again did not seek to multiply the proceedings, but arguably minimized discovery proceedings.  Ms. Stanley deposed Scot Forte and Surgeon's First, and Ms. Stanley was deposed in turn.  Ms. Stanley propounded interrogatories and the limited requests for production allowed by local rule on Defendants.  Ms. Stanley did not seek leave to multiply the number of requests for production she could make in this case, and she did not send requests for admissions to Defendants.  These are not actions undertaken to

---

[19] First Walton County Magistrate Court Collection Lawsuit [Docket # 41-6].
[20] Dismissal of First Lawsuit [Docket # 41-7].
[21] Second Walton County Magistrate Court Collection Lawsuit [Docket # 41-8].
[22] Dismissal of Second Lawsuit [Docket # 41-9].
[23] O.C.G.A. § 15-10-41(b)(2) (a second dismissal without prejudice in magistrate court is an adjudication on the merits).

multiply proceedings, but are actions within the normal scope of discovery that arguably minimized the discovery proceedings.

Ms. Stanley never met Mr. Forte prior to her daughter's surgery, was initially billed by F5 Surgical, initially paid F5 Surgical, and then was sued by Surgeon's First. Ms. Stanley was sued a second time by Scot Forte DBA Surgeon's First.  Ms. Stanley had a good-faith belief that Surgeon's First was not the real party in interest to the debt— based in part Defendants' own assignment from F5 Surgical[24]—and therefore Surgeon's First was a debt collector, or alternatively Scot Forte was hiding behind that name to collect debts.  Ultimately, Ms. Stanley was unable to show that Surgeon's First, or Scot Forte through Surgeon's First, regularly attempted to collect debts, and this Court granted Defendants' motion for summary judgment.

However, "something more than a lack of merit is required" for finding a party or their attorneys' acted in bad faith.[25]  This is in part why an FDCPA defendants' requests for sanctions under 28 U.S.C. § 1927 are more often rejected, especially when—as here in this case—the consumer's FDCPA claim have some merit.[26]  Similarly, Defendants' motion for sanctions under 28 U.S.C. 1927 against Ms. Stanley's attorneys, and their motion for sanctions against Ms. Stanley under 15 U.S.C. § 1692k(a)(3), must be denied—Ms. Stanley had a colorable claim brought in good faith, and simply losing at summary judgment does not show bad faith.

---

[24] *See* Assignment of Payment from F5 Surgical to Scot Forte [Docket # 41-5].

[25] *Amlong & Amlong, P.A.*, 500 F.3d at 1242.

[26] *See Duranseau v. Portfolio Recovery Assoc.*, 644 Fed. Appx. 702, 707 (8th Cir. 2016); *see also Infante v. Portfolio Recovery Assoc.*, 2017 WL 2445133 (N.D. Ill. June 6, 2017); *Stewart v. Chambless*, 2016 WL 3583811 (M.D. Ala. June 30, 2016); *Smyth v. Merchants Credit Corp.*, 2014 WL 12707240, at *2 (W.D. Wash. May 14, 2014); *Montero-Hernandez v. Palisades Collection, L.L.C.*, 2014 WL 505119 (M.D. Fla. Feb. 7, 2014); *Anderson v. Asset Acceptance, L.L.C.*, 2010 WL 1752609 (N.D. Cal. Apr. 29, 2010).

C.   In contrast, Defendants multiplied or sought to multiply the proceedings. Defendants filed counterclaims—including punitive damage claims—that were dismissed when this Court granted Ms. Stanley's motion to dismiss. Defendants also sought to expand the scope of discovery by increasing the number of discovery requests beyond those allowed by federal and local rule.

Defendants' claims against Ms. Stanley to collect the debt in this case were adjudicated on the merits when their second collection lawsuit was dismissed in magistrate court.[27]  Nevertheless, Defendants counterclaimed against Ms. Stanley seeking to collect a debt they were barred from collecting under Georgia law.[28]  This counterclaim also sought punitive damages against Ms. Stanley.[29]  Ms. Stanley moved to dismiss the counterclaim.[30]  This Court granted her motion to dismiss the counterclaim on the grounds the counterclaim as permissive and would predominate over Plaintiff's claims.[31]

Defendants admit to seeking 26 interrogatories and 21 requests for production from Ms. Stanley in discovery.[32]  This is more than the 25 interrogatories allowed under Fed. R. Civ. P. 33(a)(1).  This is more than the 10 requests for production permitted by Local Rule 34.

Ms. Stanley propounded discovery within the limits allowed by federal and local rule, whereas Defendants sought to expand their discovery beyond those limits.

---

[27] O.C.G.A. § 15-10-41(b)(2) (a second dismissal without prejudice in magistrate court is an adjudication on the merits).

[28] [Docket # 21]; *see* O.C.G.A. § 15-10-41(b)(2).

[29] [Docket # 21.]

[30] [Docket # 23.]

[31] [Docket # 39.]

[32] [Docket # 37 p. 2].  Note that Defendants also falsely claim that Ms. Stanley unilaterally increased the number of discovery requests to be served on Defendants, even though (1) Ms. Stanley stated she might seek to do so by motion to this Court, and (2) the document complained of by Defendants is a joint status report signed by Defendants' counsel.

Defendants sought to sue Ms. Stanley once again on the alleged debt—despite it being barred under Georgia law—through a counterclaim that was designed to intimidate Ms. Stanley with claims for punitive damages.[33]   Defendants, not Ms. Stanley or her attorneys, sought to multiply the proceedings in this case.

II.     **Defendants do not and cannot show Ms. Stanley filed her lawsuit for the purposes of harassing Scot Forte and Surgeon's First.   15 U.S.C. § 1692k(a)(3) requires Defendants to show Ms. Stanley engaged conduct not just in bad faith—which she did not—but also filed her lawsuit for the purpose of harassment.  Defendants fail to meet this burden and their motion for sanctions and fees pursuant to 15 U.S.C. § 1692k(a)(3) must be denied.**

A.     Defendants have the burden of showing Ms. Stanley brought her lawsuit for the purpose of harassment, not just in bad faith.  Defendants make no real effort to do so, likely because they cannot.

The FDCPA only allows attorneys' fees to be awarded to a defendant if a court finds that the action was brought by a consumer ***both*** in bad faith ***and*** for the purpose of harassment.[34]   This comports with the legislative history of the FDCPA where an initial version of the bill only required a finding of either bad faith or harassment, but the final

---

[33] Defendants sued Ms. Stanley twice in Walton County Magistrate Court seeking to collect the debt.  *See* First Collection Lawsuit [Docket # 41-6];  Second Collection Lawsuit [Docket # 41-8].  Each of these lawsuits were dismissed without prejudice.  *See* Dismissal of First Lawsuit [Docket # 41-7]; Dismissal of Second Lawsuit [Docket # 41-9].  A second dismissal without prejudice in a Georgia magistrate court is an adjudication on the merits.  O.C.G.A. § 15-10-41(b)(2) (a second dismissal without prejudice in magistrate court is an adjudication on the merits).

[34] 15 U.S.C. § 1692k(a)(3); *see, e.g., Black v. Equinox Fin. Mgmt. Solutions, Inc.*, Case No. 1:05-CV-1588-BBM, Dkt. # 191 pp. 10-11, 2007 WL9700926 (N.D. Ga. Feb. 1, 2007) (1692k(a)(3) sanctions require findings of both bad faith and a purpose to harass)*; Sorensen v. Credit Int'l Corp.*, 475 Fed. Appx. 244 (9th Cir. 2012) (reversing lower court award of attorney fees without finding that the litigation was brought in bad faith and for the purpose of harassment); *Smith v. Solomon and Solomon, P.C.*, 887 F. Supp. 2d 334 (D. Mass. 2012), aff'd, 714 F.3d 73 (1st Cir. 2013).

version requires a finding of both bad faith and harassment.[35]   An FDCPA defendant's

burden to show harassment is not an easy one to meet.[36]

In this case, Ms. Stanley had multiple individuals and companies trying to collect

the same debt, made payments to one company, and was sued twice (three times

including the counterclaim) by another company and individual.   She was sued for the

wrong amounts, by the wrong parties, and did not know who was who until going

through the litigation process.   Ms. Stanley's claims were not brought in bad faith or for

the purpose of harassment.

In the Northern District of Georgia, "any consideration of a fee request for a

prevailing defendant in a FDCPA case must focus on the Plaintiff's conduct before filing

suit."[37]   Other courts also recognize that conduct after filing the FDCPA suit is not

relevant to a claim that the action was brought for purposes of harassment.[38]   Looking at

Ms. Stanley's conduct prior to filing suit, Defendant presents no evidence that Ms.

Stanley brought this lawsuit against Defendants for the purpose of harassment.   Notably,

---

[35] S. 1130, 95th Cong., 1st Sess. § 805(c) (1977).

[36] See *Cohen v. Potenza*, 2016 WL 6581233 (E.D.N.Y. Nov. 3, 2016) (evidence showing the purpose to harass is required for a defendant to prevail); *Ford v. Principal Recovery Grp., Inc.*, 2012 WL 930334 (W.D.N.Y. Mar. 19, 2012); *Shah v. Collecto, Inc.*, 2005 WL 2216242 (D. Md. Sept. 12, 2005); *Phernetton v. First Revenue Assur.*, 2003 WL 21246037 (D. Minn. May 19, 2003); *Jones v. Weiss*, 95 F. Supp. 2d 105 (N.D.N.Y. 2000) (sanctions denied for inadequate evidence that FDCPA suit was instituted only to harass); *Campion v. Credit Bureau Serv., Inc.*, 2000 U.S. Dist. LEXIS 20233 (E.D. Wash. Sept. 19, 2000); *Riebe v. Juergensmeyer & Assoc.*, 979 F. Supp. 1218 (N.D. Ill. 1997); *Villarreal v. Snow*, 1997 WL 116801 (N.D. Ill. Mar. 12, 1997); *Knowles v. Credit Bureau*, 1992 WL 131107 (W.D.N.Y. May 28, 1992).

[37] *Nwaizuzu v. Dunlap Gardiner Attorneys at Law, L.L.P.*, 2019 WL 5491283, Case No. 1:17-cv-03850-ELR, Dkt. # 32 p. 4 (N.D. Ga. July 8, 2019) (*citing Black v. Equinox Fin. Mgmt. Solutions, Inc.*, Case No. 1:05-CV-1588-BBM, 2007 WL9700926 (N.D. Ga. Feb. 1, 2007).

[38] See *Arutyunyan v. Cavalry Portfolio Serv.*, 2013 WL 500452 (C.D. Cal. Feb. 11, 2013).

this lawsuit was not only against Defendants, but included other now-dismissed through settlement defendants.  Neither Scot Forte nor Surgeon's First were singled out in this case, and nothing indicates that Ms. Stanley treated either remaining Defendant differently than she treated others.  Instead, Ms. Stanley's conduct prior to filing suit shows she brought this lawsuit in good faith in response to efforts by multiple parties— Defendants included—to collect the same debt at the same time for different amounts and on behalf of different individuals or entities.

"Section 1692k(a)(3) should be construed narrowly as not to discourage private litigation under the FDCPA."[39]  Ms. Stanley brought her lawsuit in good faith based on the actions of each defendant in this case, dismissed as to most defendants, and conducted good-faith discovery to obtain information to support her claims.  Defendants' brief in support of its motion only contains the word harassment once—when it cites 15 U.S.C. § 1692k(a)(3).  Defendants otherwise fail to show a required element of any award of attorneys' fees pursuant to 15 U.S.C § 1692k(a)(3) exists—that Ms. Stanley filed this lawsuit for the purpose of harassing Scot Forte and Surgeon's First.  This is because Ms. Stanley did not do so, and Defendants' motion for sanction and fees pursuant to 15 U.S.C. § 1692k(a)(3) must be denied.

---

[39] *Wattie-Bey v. Modern Recovery Sols.*, 2016 WL 8229211, at *4 (M.D. Pa. Dec. 30, 2016), *adopted*, 2017 WL 529989 (M.D. Pa. Feb. 9, 2017); *accord Black v. Equinox Fin. Mgmt. Solutions, Inc.*, Case No. 1:05-CV-1588-BBM, Dkt. # 191 p. 12 2007 WL9700926 (N.D. Ga. Feb. 1, 2007) ("the FDCPA is a consumer-protection statute . . . so the standard for awarding attorneys' fees and costs to prevailing defendants is quite stringent.").

B.     <u>In contrast, Defendants engaged in behavior prior to Ms. Stanley's lawsuit that might be viewed as for the purpose of harassment, and continued this behavior through the course of litigation.</u>

Defendants Scot Forte and Surgeon's First claimed Ms. Stanley owed them a debt for medical services.  Instead of filing a collection action to collect on an outstanding account, Defendants filed two separate lawsuits for theft of services.  In short, Defendants accused Ms. Stanley of committing a crime, rather than failing to pay a debt.  These collection actions were framed this way to frighten and intimidate Ms. Stanley to increase the likelihood she would pay a debt she had already agreed to pay F5 Surgical.  In the end, both of these suits were dismissed without prejudice, resulting in an adjudication on the merits under Georgia law.[40]

Nevertheless, Defendants filed counterclaims seeking to collect this same debt despite their efforts being barred by Georgia law.[41]  Moreover, these barred claims included a claim for punitive damages—a claim designed to intimidate Ms. Stanley in this case.[42]  Ms. Stanley was forced to file a motion to dismiss,[43] which this Court granted.[44]  Not only that, during Mr. Forte's deposition, he suggested that both Ms. Stanley and her attorneys were racist.[45]

Each step of the way Defendants acted to harass and intimidate Ms. Stanley, sought to collect amounts they were not authorized to collect, accused her of being racist, and now accuse her of acting in bad faith in seeking to protect her interests.  Ms. Stanley

---

[40] O.C.G.A. § 15-10-41(b)(2) (a second dismissal without prejudice in magistrate court is an adjudication on the merits).
[41] *See id.*
[42] [Docket # 21.]
[43] [Docket # 23].
[44] [Docket # 39].
[45] Forte Dep. 27:21-25 [Docket # 40-3].

failed to obtain sufficient evidence that Defendants regularly attempted to collect debts, and that they were acting as debt collectors under the FDCPA, but not because those claims were brought in bad faith.  Still, despite each of Defendants' harassing efforts, they have failed to articulate how Ms. Stanley's purpose in filing this lawsuit was to harass each of them.  This is because they cannot do so as Ms. Stanley filed this lawsuit in good faith and to protect her rights as a consumer.

III.    **Defendants fail to meet their burden under the third essential requirement for sanctions under 28 U.S.C. § 1927—that the sanctions amount they seek bears a financial nexus to the excess proceedings incurred because of any bad faith conduct.**

The third essential requirement for sanctions under 28 U.S.C. § 1927 is: "[f]inally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"[46]  Nevertheless, Defendants have failed to connect the fees it seeks to the conduct it claims was vexatious and multiplied the proceedings in this case.

A.    <u>Defendants seek to recover fees for a motion to dismiss it abandoned, or in responding to a motion to dismiss it lost.  These fees bear no financial nexus to any excess proceedings resulting from Ms. Stanley's attorneys' conduct.</u>

For example, Defendants seek to recover $1,250.00 for five (5) hours spent on a "Motion to Dismiss."  However, Defendants fail to identify whether this is time spent on its own motion to dismiss—which was later abandoned—or responding to Plaintiff's motion to dismiss—which was granted over Defendants' objections.  Defendants cannot,

---

[46] *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (*quoting Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir.1997)).

and should not, recover fees for a motion it abandoned or for a motion it lost as neither "bear[s] a financial nexus . . . excess proceedings" resulting from bad faith.[47]

      B.    <u>Defendants seek to recover fees for a shotgun pleading it failed to challenge, and fail to show why those fees resulted from excess proceedings caused by Ms. Stanley's attorneys' conduct.</u>

Further, Defendants claim Ms. Stanley filed a shotgun pleading, and that doing so is bad faith. For the reasons stated above, this does not rise to the level of bad faith required by 15 U.S.C. § 1692k(a)(3) or 28 U.S.C. § 1927—those statutes require "something more than a lack of merit."[48] Shotgun pleadings—at most mere negligence— do not rise to the level of the knowing or reckless conduct in pursuing frivolous claims required for bad faith.[49] Moreover, if Ms. Stanley's amended complaint was so lacking in merit as Defendants allege, then Defendants had the opportunity to renew their motion to dismiss—an opportunity they did not take. In *Hyde v. Irish,*[50] the Eleventh Circuit stated "[i]f [defendant was] right that the falsity of the allegations was so obvious from the face of the complaint, then he should have raised his concern when the complaint was first filed."[51] Accordingly, any fees incurred by Defendants in answering Ms. Stanley's complaint do not bear a financial nexus to sanctionable conduct and fail to meet the third essential requirement of sanctions under 28 U.S.C. § 1927.[52]

---

[47] *Id.*

[48] *Schwartz*, 341 F.3d at 1225; *see also Amlong & Amlong, P.A.*, 500 F.3d at 1242 (*citing Schwartz*, 341 F.3d at 1225).

[49] *See Schwartz*, 341 F.3d at 1225 ("[s]ection 1927 is not about mere negligence").

[50] 962 F.3d 1306 (11th Cir. 2020).

[51] *Id.* at 1311 (denying request for sanctions in part because the complained of conduct was not timely challenged by defendant).

[52] This includes Defendants fees for both answering Ms. Stanley's amended complaint, and for drafting a corporate disclosure statement—amounts totaling $812.50.

C.    <u>Defendants' claims for fees for making allegations later proven false and</u>
<u>for claiming Surgeon's First was a debt collector miss the purpose of</u>
<u>discovery in litigation—the opportunity for the parties to uncover the facts</u>
<u>behind allegations.  Defendants fail to connect those fees to any egregious</u>
<u>conduct by Ms. Stanley's attorneys in discovery, and therefore this request</u>
<u>must be denied.</u>

Defendants ask this Court to award it sanctions in the form of fees for the conducting of discovery in this case.  The basis of this request is the claim that Ms. Stanley made allegations later proven false—or incorrect—through the discovery process.  This includes the allegation that Defendants were debt collectors within the meaning of the FDCPA.  This request ignores the purpose of discovery—fact finding—and fails to connect to specific objectionable, bad faith conduct by Ms. Stanley's attorneys in discovery.

Ms. Stanley lacks personal knowledge of the ways in which Defendants seek to collect debts from consumers like her.  Her knowledge is limited to the methods used by Defendants in seeking to collect the debt at issue in this case from her.  Still, Defendants ask this Court to punish Ms. Stanley for not knowing answers to questions that could only be obtained through the discovery process from Defendants.

That process is exactly what both parties used—each party deposed the other, sent interrogatories, and sent requests for production of documents.  Nothing in this process is out of the ordinary, is egregious, or was designed to multiply the proceedings in this case. Defendants, in their request to recover fees associated with discovery, point to no actions in this process by Ms. Stanley's attorneys that rise to the level of bad faith.  Instead, this request appears to be based on the underlying premise that Ms. Stanley brought the

lawsuit itself in bad faith.  For the reasons stated above, Ms. Stanley brought her lawsuit

in good faith, and Defendants' request for these fees must be denied.[53]

      D.    <u>Defendants claim for fees because Ms. Stanley refused to accept a mutual release fails to connect specific fees resulting from this action—an action that cannot be attributed to the bad faith of Ms. Stanley's attorneys.</u>

Defendants claim fees should be awarded in part because Ms. Stanley refused to

accept an offer of a mutual release of claims.  This argument is flawed on multiple

levels—not the least of which is that Defendants had no colorable claims against Ms.

Stanley to collect the alleged debt.  Those claims were adjudicated as a matter of Georgia

law,[54] but this offer of a mutual release shows Defendants still seeking to bargain with

claims they no longer possessed.

Moreover, Defendants do not connect specific fees incurred as a result of Ms.

Stanley not accepting an offer of a mutual release.  Further, sanctions for fees pursuant to

28 U.S.C. § 1927 are based on the actions of a party's attorney, not the party itself, and

Ms. Stanley's attorneys had no authority to accept such an offer.  Accordingly, any fees

associated with this argument by Defendants must be denied.[55]

---

[53] The total amount of fees requested by Defendants associated with the discovery process is $2,375.00.

[54] Defendants sued Ms. Stanley twice in Walton County Magistrate Court seeking to collect the debt. *See* First Collection Lawsuit [Docket # 41-6];  Second Collection Lawsuit [Docket # 41-8].  Each of these lawsuits were dismissed without prejudice.  *See* Dismissal of First Lawsuit [Docket # 41-7]; Dismissal of Second Lawsuit [Docket # 41-9].  A second dismissal without prejudice in a Georgia magistrate court is an adjudication on the merits.  O.C.G.A. § 15-10-41(b)(2) (a second dismissal without prejudice in magistrate court is an adjudication on the merits).

[55] While it is unclear what these fees might be, the time frame would include $2,250.00 in fees for the motion for summary judgment and this motion for sanctions and fees.

E.     The FBPA ante-litem letter from Ms. Stanley cited by Defendants as an example of bad faith is not part of this case, but is instead related to claims separate from and arising subsequent to the filing of this lawsuit. Accordingly, it should not be considered by this Court as part of Defendants' motion for sanctions and fees.

Ms. Stanley sent Defendants an FBPA ante-litem demand letter on a separate claim that arose subsequent to the filing of this lawsuit. This claim—that Defendants sought to collect a debt barred as adjudicated under Georgia law—is not part of this lawsuit or Ms. Stanley's claims in this lawsuit. Nevertheless, Defendants raise this FBPA ante-litem demand letter as an example of conduct in this lawsuit that rises to the level of bad faith. However, the FBPA ante-litem letter is not conduct that is part of this lawsuit, and even if it did rise to the level of bad faith—which Ms. Stanley objects to—it cannot be considered in this motion for sanctions and fees.

## CONCLUSION

Ms. Stanley lost this case because she could not show that Defendants could be considered debt collectors subject to the FDCPA. Nevertheless, Ms. Stanley did not bring this lawsuit in bad faith, or for the purpose of harassment. Further, Ms. Stanley's attorneys did not engage in egregious conduct rising to the level of bad faith. Ms. Stanley's attorneys did not engage in unreasonable or vexatious conduct that multiplied the proceedings in this case. Instead, this case proceeded as most cases do—each party was deposed, and each party sent the other discovery. Moreover, Defendants have failed to connect the fees they seek to actions by Ms. Stanley's lawyers that multiplied the proceedings.

Ms. Stanley was harassed and intimidated by Defendants prior to this lawsuit and throughout. She pursued her claims in good faith, and did not engage in behavior

designed to multiply proceedings or harass Defendants.  In fact, she settled with the other defendants in this case, minimizing the remaining proceedings.  Ms. Stanley did not single out Defendants, but sought to hold all those involved in attempts to improperly collect the debt at issue from her to account for those improper actions.

Nevertheless, Ms. Stanley lost her case against Defendants.  The American Rule regarding attorneys' fees is that, absent a statute or contract allowing otherwise, or the showing of bad faith, each party pays its attorneys' fees regardless of the outcome of the proceedings.[56]  The U.S. Supreme Court adopted this rule in part to encourage parties to vindicate their rights, and to not punish parties for merely bringing suit.[57]  Defendants ask this Court to discourage parties like Ms. Stanley from seeking to vindicate their rights by finding her actions, or those of her attorneys, to be in bad faith.  Losing a lawsuit does not demonstrate Ms. Stanley's actions, or those of her attorneys, rose to the requisite level of vexatiousness.[58]

Ms. Stanley did not pursue this lawsuit in bad faith, or for the purpose of harassment.  Ms. Stanley's attorneys did not engage in unreasonable or vexatious behavior that multiplied the proceedings—the case proceeded in the usual course.  Ms. Stanley's only failure, in the end, was prevailing on the issue of whether Defendants were debt collectors—a colorable claim she was unable to sufficiently support in the eyes of

---

[56] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Hall v. Cole*, 412 U.S. 1, 4 (1973); Peter N. Cubita et al., Note, *Awards of Attorney's Fees in the Federal Courts*, 56 ST. JOHN'S L. REV. 277, 278–79 (1982).  This contrasts with the so-called "English rule," which allows for prevailing parties—subject to a few exceptions—to recover reasonable fees from the losing party.  *See* Joan Chipser, Note, *Attorney's Fees and the Federal Bad Faith Exception*, 29 HASTINGS L.J. 319, 320 (1977).
[57] *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967).
[58] It is well settled that the mere resolution of issues against a party does not demonstrate the required degree of vexatiousness for bad faith.  *See Runyon v. McCrary*, 427 U.S. 160, 183 (1976).

this Court on summary judgment.   This is not bad faith, and this Court should deny

Defendants' motion for sanctions and fees under both the FDCPA, 15 U.S.C. §

1692k(a)(3), and 28 U.S.C. § 1927.

      Respectfully submitted this 5 October 2021.

              /s/ John William Nelson
              John William Nelson
              State Bar No. 920108

              *Attorney for Plaintiff*

              The Nelson Law Chambers LLC
              2180 Satellite Blvd, Suite 400
              Duluth, Georgia 30097
              Ph.     404.348.4462
              Fax.    404.549.6765

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| MICHELE STANLEY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.: 3:20-cv-00007-CAR** |
| | ) |
| A SURGEON'S FIRST ASSISTANCE, | ) **CERTIFICATE OF SERVICE** |
| LLC and SCOT G. FORTE, an individual, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned electronically filed PLAINTIFF'S

RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES with the Clerk

of Court using the CM/ECF system, which will automatically send email notification of

such filing to the following attorneys of record:

John W. Nelson
john@nelsonchambers.com

William R. Carlisle (wrclaw@gamail.com)
CARLISLE LAW FIRM
P.O. Box A
Winder, GA 30680
**FOR:** Defendants Scot Forte and A Surgeons First Assistance, LLC

Brandon K. Honsalek (**brandon@honsalek.com**)
Georgia Bar No. 742962
2194 North Road
Snellville, GA 30078
Phone: 404-913-6992
*Attorney for Plaintiff*

Ronald Edward Daniels (ron@dlawllc.com)

DANIELS LAW LLC
P.O. BOX 1834
Perry, GA 31069
*Attorney for Plaintiff*

Clifford Carlson (cc@cliffcarlsonlaw.com)
Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
*Attorney for Plaintiff*


Respectfully submitted this **5 October 2021**.

                    **THE NELSON LAW CHAMBERS, LLC**

                         /s/ John William Nelson
                         John William Nelson
                         State Bar No. 920108

                         *Attorney for Plaintiff*

                         The Nelson Law Chambers LLC
                         2180 Satellite Blvd, Suite 400
                         Duluth, Georgia 30097
                         Ph.     404.348.4462
                         Fax.    404.549.6765

2