IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MICHELE STANLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 3:20-CV-7 (CAR) |
| A SURGEON'S FIRST ASSISTANCE, | : | |
| LLC and SCOT G. FORTE, an | : | |
| individual, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

Before the Court is Defendants A Surgeon's First Assistance, LLC and Scot G. Forte's Motion for Attorneys' Fees. For the reasons explained below, the Court **DENIES** Defendants' Motion [Doc 45].

**BACKGROUND**

On January 24, 2020, Plaintiff Michele Stanley filed this action asserting Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in their attempts to collect a medical debt from Plaintiff. Defendants filed a pre-answer motion to dismiss, but Plaintiff filed an Amended Complaint. Thereafter, Defendants answered Plaintiff's Amended Complaint and asserted five counterclaims against Plaintiff breach of contract, conversion, unjust enrichment, money had and

1

received, and punitive damages under Georgia law. Plaintiff filed a motion to dismiss the counterclaims, which the Court granted. Defendants did not move to dismiss Plaintiff's Amended Complaint, and the case proceeded through discovery. After discovery, Defendants filed a motion for summary judgment, which the Court granted finding Defendants were not debt collectors under the FDCPA. Defendants then filed the current Motion for attorney's fees under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927.

## DISCUSSION

15 U.S.C. § 1692k(a)(3) of the FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for purposes of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."[1] "The burden is on the prevailing defendant to affirmatively show that the action was brough in bad faith and for the purposes of harassment."[2] 28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "The provisions of § 1927, being penal in nature, must be strictly construed."[3] An attorney multiplies court proceedings unreasonably and vexatiously when his conduct "is so

---

[1] 15 U.S.C. § 1692k(a)(3).
[2] *Gillis v. Deutsche Bank Tr. Co. Americas,* 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016).
[3] *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1281 (11th Cir. 2010)(quoting *Peterson v. BMI Refractories,* 124 F.3d 1386, 1395 (11th Cir. 1997)) (internal quotations omitted).

2

egregious that it is tantamount to bad faith."[4] "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim."[5]

There is no evidence that Plaintiff brought this case in bad faith and for purposes of harassment or that Plaintiff's attorney sought to multiply the proceedings or engaged in bad faith. On the contrary, Plaintiff and her attorney brought this suit in good faith after Defendants billed her for medical services, she paid $1,100.00 toward her bill, and then Defendants twice filed suit in state court for the entire bill despite the fact she paid the $1,100.00 portion. Although this Court ultimately ruled against Plaintiff on summary judgment, "something more than a lack of merit is required" for a finding of bad faith.[6] Defendants have failed show anything more than a lack of merit.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion for Attorneys' Fees [Doc. 45].

**SO ORDERED,** this 11th day of January, 2022.

                                                                S/ C. Ashley Royal_____
                                                                C. ASHLEY ROYAL, SENIOR JUDGE
                                                                UNITED STATES DISTRICT COURT

---

[4] *Id.* at 1282 (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006)) (internal quotations omitted).
[5] *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).
[6] *Amlong & Amlong, P.A.*, 500 F.3d at 1242.